Turley, J.
delivered the opinion of the court.
The plaintiff in error, Joseph Kimbrough, was prosecuted by the grand jury of White county, at the February term of the circuit court, as being the owner and proprietor of a turnpike road in the county of White, which he unlawfully suffered and permitted to be andj remain *98 out of legal repair, for more than fifteen days at a time. Upon this presentment he was put upon trial and convicted and fined ten dollars, and' appeals to this court.
We find no error in the proceedings of the circuit court. The act of 1835, ch. 66, sec. 1, provides that “ all proprietors of turnpike roads and toll bridges, or the keepers thereof, shall be subject to be punished for permitting these roads or bridges to remain out of repair, in the same manner, and under the same rules, regulations and restrictions, that overseers of public roads are now subject to, according to the laws of this State.”
This statute governs the present case; Kimbrough is indicted under its provisions as an overseer of a public road, and there was no necessity of producing his charter for the road, or doing any thing more than to prove that he received toll on said road, as proprietor, and that it was out of such repair as is. by law required in public roads of the first class, and for which the overseers thereof are liable to be punished by indictment or presentment.
If the proprietor of a turnpike road be indicted for not • keeping his road in such repair as his charter may require, upon his trial his charter would have to be produced, as the proper evidence of what he was thereby required to do, but that is not this ease, and the circuit judge committed no error in holding that the charter, under which Kimbrough - held the road, need not be read on the trial. Judgment affirmed.